**KENTUCKY TRANSPORT CORPORATION
and the Travelers Insurance Co.,
Appellants,**

v.

**James E. HEADDEN et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 8, 1971.

S. Lloyd Cardwell, Stites & McElwain, Louisville, for appellants.

Richard L. Drye, Louisville, for Workmen's Comp. Bd.

Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, John Riehl, Jr., Louisville, Gemma Harding, Buechel, for Commissioner of Labor.

EDWARD P. HILL, Jr., Judge.

The judgment from which this appeal is taken in this workmen's compensation case was entered January 21, 1971. On February 19, 1971, this court decided Young v. L. A. Davidson, Inc., Ky., 463 S.W.2d 924, which we think controls our decision in the instant case. We therefore reverse the judgment with directions that the board proceed to determine and direct the division of liability between the employer and the fund as may be justified by the evidence.

Appellee Headden, an employee of Kentucky Transport Corporation for 18 years, was a driver of a tractor-trailer combination used to deliver groceries to A & P Food Stores in numerous locations in Kentucky at the time of the incident relied on by Headden. On April 2, 1968, Headden was assigned a trip to Whitesburg and Neon, Kentucky, with a load of groceries to be unloaded there. His rig had a capacity of forty to sixty thousand pounds. It is not shown whether it was loaded to capacity on this date, but when he reported for work his vehicle was loaded and ready to go. He had the responsibility of unloading the truck, which consisted of various boxes or containers weighing from ten to one hundred ten pounds.

At approximately 4 p. m., he arrived at the Louisville headquarters for work. April 3, 1968, he reached Whitesburg, Kentucky, between 1 and 2 a. m. in the morning, positioned his truck at the A & P Store to be unloaded, and commenced the job of unloading. When about half finished, he began to have severe pains in the chest and shortness of breath. He secured help from some of the store employees. He obtained Alka-Seltzer and Rolaids and rested for an hour or so, during which time another driver with the same transport company arrived and completed the unloading of Headden's truck. After the period of rest, Headden attempted to help a bit with the unloading process, but the pains returned and he stopped. He says he was dizzy and staggered. After completing his deliveries in Whitesburg, he drove on to Neon, Kentucky, where more unloading was done by Samuel Curts and some of

the employees of the Neon store. After unloading Headden went to a motel in Neon and there slept for about eight hours. He arrived back in Louisville about 10 a. m. on April 4. About 10 p. m. on the same date, he returned to work after a period of rest at his home. While he was preparing his rig for another trip, his chest pains returned. He was taken to St. Joseph's Hospital and placed in the coronary section where he remained until April 16. He went home from the hospital and remained there for 3 or 4 months.

His case was diagnosed as "inferior wall myocardial infarction" which was due to atherosclerosis. His doctor stated:

"Well, he had the heart attack because of pre-existing arteriosclerosis or atherosclerosis of the blood vessel which was, in my opinion, aggravated by his work as it frequently, in the opinion of most medical people, can do.

*    *    *    *    *    *

" * * * Considering the fact that he had the heart attack and that this kind of stress and strain could precipitate it, and in that it did happen to him, I must assume that it did precipitate it, and in my opinion it probably did."

Pursuant to KRS 342.121, the board appointed Dr. F. Albert Olash to examine Headden and to report, which he did. The board stated that it was its opinion that:

" * * * Dr. Olash found, as did all the other doctors who testified, that the plaintiff had been suffering from a disease of the heart known as coronary atherosclerosis, and that this was dormant and non-disabling. He further found that in the absence of this disease, the plaintiff would not have suffered a heart attack, and that the injury of April 3, 1968, aroused this disease into disabling reality."

The report of Dr. Olash concluded that Headden's disability for the first 6 months was 100% and for the next 6 months was 50%. It reported that 10% of his disability should be considered work-connected and the other 90% due to the atherosclerosis; that following the first year all disability should be attributed to the coronary.

The award of the compensation board was against the appellant Kentucky Transport Corporation and its insurance carrier, Travelers Insurance Company. The order of the board relieved the appellee Special Fund of liability. On appeal to the circuit court, the judgment of the board was affirmed in its entirety. The sole question on this appeal is whether or not the award is required to be apportioned between the employer and the Special Fund under KRS 342.120.

Factually we can see no difference between the case of Young v. L. A. Davidson, Inc., supra, and the present case. The instant case presents a little clearer case for the application of the apportionment than did Davidson, in that the injured person in Davidson, Cecil Ray, in addition to the stress, strain and anxiety of his work, was subjected to considerable carbon monoxide poisoning. In fact the medical evidence as to apportionment (not causation) is so strong that it compels that liability be divided between the employer and the Special Fund.

It is concluded that the judgment and the award which it affirms are erroneous in that the Special Fund was relieved of all liability. The case is reversed with directions that the board apportion the award based upon the evidence and the report of Dr. Olash.

All concur.